*30 The opinion of the Court was delivered by
Dunkin, Ch.
At the original hearing of this cause in the Circuit Court, the presiding Chancellor, after an examination of some of the witnesses, deeming the inquiries involved in the pleadings peculiarly proper for the consideration of a jury of the vicinage, who were best acquainted with the parties and witnesses, directed an issue at law. The result was certified to this Court by the presiding Judge, who tried the issue and who was satisfied with the verdict. On a motion for a new trial, before the Circuit Court of Equity, in July last, the Chancellor, after a review of the evidence appearing-in the notes of the presiding Judge, expressed his satisfaction with the verdict rendered by the jury, dismissed the motion for a new trial and proceeded to a final decree in the premises, which is the subject of this appeal.
The principal grounds taken involve the proposition that the result attained by the concurrent judgment of the jury, the presiding Magistrate in the Court of Law, and of the circuit Chancellor, is not warranted by the testimony. Every human tribunal is fallible, and all the machinery invented for eliciting the truth may sometimes prove ineffectual, but such is not the general presumption. The parties had, in the first instance, the advantage of the time-honored observance of calling on jurors to respond to questions of fact. Their verdict, approved as it was by the presiding Judge, was not obligatory upon the Chancellor. Unless satisfied with the finding, he was at liberty to direct a new trial, or even to decide the cause in opposition to the verdict. This is an appellate tribunal, and it is incumbent on the party asking for a revision of the Chancellor’s judgment to satisfy this Court that he has miscarried. It is not enough that this Court may have misgivings as to the result which has been attained. But it is objected that the law Judge received evidence which should not have been admitted, and that on this ground the Chancellor should have ordered a new trial. This subject is very fully treated in Lyles vs. Lyles, 1 Hill Ch., *31 76. It is not like a motion for a new trial at the other end of the hall. The issue is direeted for the purpose of satisfying the conscience of the Chancellor, and if, upon a review of the competent testimony, that object has been attained, the Chancellor is not bound to reject the verdict, because, in his opinion, the Judge erred in law on the admissibility of a part of the evidence. In this case there was testimony besides that to which objection has been taken ; and we cannot say that it was not sufficient to have satisfied the Chancellor with the result.
The second ground of appeal insists that, in any view, the administrator is not entitled to the rents and profits of the real estate, but that they belong to the heirs-at-law of the intestate. The rents and profits, which accrued during the lifetime of the intestate, belong to his personal representative, and not to his heirs. After that period, the right to the rents and profits accompanies, of course, the inheritance. The decretal order upon this point is not very distinct, but it must be so construed. And this furnishes an answer to the seventh ground. As the right to an account of the rents and profits which accrued during intestate’s lifetime would belong to the administrator, he was entitled to an inquiry as to the validity of the deed.
It remains to notice the defence of the statute of limitations, very faintly urged at this hearing. It has been often reiterated that proceédings in this Court are not within the statute of limitations, but that this Court, generally, adopts this period as a bar to equitable demands from analogy to the statute. Sometimes, however, a shorter period has been held to preclude the plaintiff, as in the case of Kirksey vs. Keith, heard at this sittings. And where, from the circumstances, it would be inequitable for the defendant to insist on the lapse of time, this Court is not bound to enforce the bar. The jury have found not only that “ the deeds were procured to be executed by misrepresentation and fraud,” but that the intestate “ was not of sufficient capacity to execute the deeds.” *32 The intestate always retained possession, and it was not suggested that his capacity subsequently improved. Under these circumstances he could not be expected to have known his wrongs, or to have adopted the proper means of redress. The plaintiff instituted these proceedings soon after taking out letters of administration, and within four years from the death of his intestate.
It is ordered and decreed, that the decree of the Circuit Court be affirmed, and the appeal dismissed.
Johnston and Wardlaw, CC., concurred.

Appeal dismissed.